# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS E. GABRIEL,
                    Appellant,

          v.

OFFICE OF PERSONNEL
   MANAGEMENT,
                    Agency.

DOCKET NUMBER
DA-0845-15-0410-I-1

DATE: November 13, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Thomas E. Gabriel, Canyon Lake, Texas, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal of lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        On March 18, 2015, the Office of Personnel Management (OPM) issued a notice informing the appellant that his Federal Employees' Retirement System (FERS) annuity had been overpaid by $44,439.20 because it had not been reduced by the amount of his Social Security benefits.  Initial Appeal File (IAF), Tab 5 at 5-6.  On June 1, 2015, the appellant appealed OPM's initial decision and requested that the Board issue a decision without a hearing.  IAF, Tab 1, Tab 3 at 2.  The appellant alleged that he notified OPM that he was receiving Social Security benefits in 2008 but that OPM was negligent in failing to timely adjust his FERS annuity.  IAF, Tab 1 at 3.  He requested a waiver of the overpayment. *Id*.  OPM filed a motion to dismiss the appeal because it had not rendered a final decision.  IAF, Tab 5.  The administrative judge dismissed the appeal for lack of jurisdiction finding that OPM has not yet issued a final decision concerning the appellant's challenge to the overpayment decision.  IAF, Tab 8, Initial Decision (ID) at 3.  The administrative judge noted that the appellant may file a new appeal once OPM renders its final decision, and he may request to have the record of this appeal incorporated into the new appeal.  ID at 3 n.3.

¶3        The appellant has filed a petition for review reiterating the arguments he made before the administrative judge.  Petition for Review (PFR) File, Tab 1.

The agency has filed an opposition to the appellant's petition stating that once the Board issues a final decision in this appeal, it will render a final decision concerning the appellant's challenge to the overpayment decision which will include appeal rights. PFR File, Tab 5.

¶4 An individual whose rights or interests under FERS are affected by a final decision of OPM may request that the Board review OPM's decision. 5 C.F.R. § 841.308. A reconsideration decision issued under 5 C.F.R. § 841.306 and an initial decision issued without reconsideration rights under 5 C.F.R. § 841.307 are final decisions. *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014). The Board also will take jurisdiction over an appeal concerning a retirement matter if OPM has refused or improperly failed to issue a final decision. *Id.*

¶5 We agree with the administrative judge's finding that the appellant made a timely request for reconsideration of OPM's overpayment decision. ID at 2 n.1. OPM has stated that it will render a final decision after the Board issues a final decision in this appeal. PFR File, Tab 5 at 4. Because OPM has not yet rendered a final decision, the administrative judge appropriately dismissed this appeal. ID at 3. As stated in the initial decision, after OPM renders a final decision, the appellant may file a new appeal and request that the record in this appeal be incorporated into the new appeal. ID at 3 n.3. Additionally, if, after repeated requests for a reconsideration decision, OPM fails to issue a final decision and the evidence indicates that OPM does not intend to issue a final decision, the Board may have jurisdiction over a new appeal. *Fagone v. Office of Personnel Management*, 85 M.S.P.R. 49, ¶ 9 (2000).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.